### BOOKER vs. LASTRAPES & AL.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE OF THE SIXTH PRESIDING.

1. In a suit between the *endorsee,* who is the holder, and the drawer and endorser of a bill of exchange, the *consideration* may be impeached, and the question whether the drawer ever received consideration or payment therefor? enquired into.

2. And where from the evidence it appears doubtful whether the drawer of the bill has ever received the value, or any consideration therefor, the case will be remanded for a new trial.

This is an action on a bill of exchange drawn by the firm of Lastrapes Frères on a commercial house in New-Orleans, trading under the style and firm of Plauché & Courcelle, in favor of Louis F. Lastrapes who endorsed it, dated, Opeloussas, 16th September, 1828. The draft was delivered over, thus endorsed, to Alphonse Desmare, cashier pro tem. of the branch bank at Opelousas, and by him transmitted to R. L. Booker, cashier of the bank of Louisiana, in New-Orleans, and who instituted this suit.

The defendants in their answer state, that on the 28th July 1828, they addressed a letter to Plauché & Courcell, requesting them to accept a draft for $1500, who replied they would. Lastrapes Frères on the 12th September, 1828, drew on Plauché & Courcelle for $1500, payable to

Louis Vanhille, four months after date. The object in draw-
ing the draft was to have it discounted at the branch bank
at Opelousas. It was deposited there for discount accord-
ingly, but without the endorsement of L. Vanhille. The
defendants aver, that the draft never was discounted, and de-
ny that the bank ever gave them, or L. Vanhille to
whom it was made payable, any *legal* or *valuable considera-
tion*.

Western District.
*September*, 1830.

Booker
*vs.*
Lastrapes&al

That soon after depositing the draft in bank, A. Desmare
superseded the old Cashier, as Cashier pro. tem, and called
on Ludger Lastrapes, one of the defendants, to get
the endorsement of L. Vanhille the payee. It was then dis-
covered by mistake that it was drawn in favor of L. Vanhille
instead of Louis F. Lastrapes, who is also made a defend-
ant in this suit. To correct the error and put the draft in
such a shape as might be discounted in bank, the draft or
bill now sued, was given in lieu of it. The defendants al-
ledge, that when the draft was last drawn, they had no credit
in bank on account of it, nor have they ever received any
consideration from the bank, or from the plaintiff, for or on
account of it. That it was drawn and deposited in bank to
get discounted, but that neither the Lastrapes fréres nor their
co-defendant, who endorsed it, ever received any consider-
ation for it.

The draft was presented to Plauchè & Courcelle on the
20th of October, for acceptance, who refused. It was pro-
tested for non-acceptance and due notice alledged to have
been given to the endorser.

From the testimony of A. Desmare, it appears when he ar-
rived to take charge of the bank at Opelousas, that the first
draft drawn by Lastrapes frères, payable to Louis Vanhille,
was handed over to him by Mr. Saul the old Cashier, as so
much cash, and received from Saul and counted as such.
*Desmare* then called on L. Lastrapes, one of the defend-
ants, and informed him there was some mistake about it, as

Western District. the draft was not endorsed, Lastrapes gave the one sued
September, 1880. on, payable to, and endorsed by his brother Louis Lastrapes.
BOOKER    Desmare, as the agent of the bank, does not know, nor can
vs.       he find out, that any consideration was given for the first
LASTRAPES&AL draft. The second bill was given for the first. That at
the time of the date of this draft, Lastrapes had a regular
account in bank, but it does not appear from the books of
the bank, that any money was ever paid either to Las-
trapes or Vanhille for the said draft, nor that they had any
credit for it on the bank books.

Desmare further testifies, that it is the custom of the bank
not to give credit for the draft, on the books, when there is
no check drawn for the amount of the draft. ,

There were two bills of exception, taken by the plaintiffs.

1. To the witness, Desmare's proving that no consider-
ation was given for the draft ; or that the defendants receiv-
ed none.

2. To the decision of the Court, sustaining 'the defend-
ants' objection to ' Desmare's detailing the declarations of
Saul, made at the time he received the draft from said
Saul.

1. *Brownson and Lewis* for the plaintiff, contended—

The evidence of Desmare going to prove *a want of con-
sideration* in the draft sued on, was improperly admitted be-
cause it contradicts the admission on the face of ' the draft
itself, *that value was received.*

2. The draft sued on, was transferred to the plaintiff ˏin
the ordinary course of business, and was received *not*
subject to any equity between the parties.

3. The only cases in which a want of consideration can
be pleaded, are in ordinary contracts where the instrument
had been given through *error* or *fraud,* neither of which is
alleged here.

4. The refusal of the district judge to permit Desmare
the witness of defendants, to detail the declarations made by

Western District.
September, 1830.

BOOKER
vs.
LASTRAPES&AL

Saul at the time of giving the draft to witness in 'bank, is *erroneous*, because their declarations make part of the *res gestae*. 1 Starkie on Ev. 36. 37. §. 20 21.

*Garland* and *Simon* for defendants ; argued,

1. That the *want* or *failure* of consideration of a promisory note or bill of exchange might be properly inquired into, and proved as between the *payee* and the *maker*. 3 Mar. N. S. 599. 1 ib. N. S. 625. 8 ib. N. S. 556.

2. That the consideration of a note or bill might be *impeached* and the want of it enquired into, in the hands of an endorsee who was privy to the transaction or had notice of it. 2 Starkie. Ev. 281. 12 Johnson 306. 12 Mar. 402.

3. That the drawer of a bill may show by parol evidence that he received *no* consideration for it. 3 Mar. 640—1. ib. N. S. 90—2 Starkie. Ev. 277.

4. The fact of a bill being endorsed, is not conclusive evidence that it does not belong to the payee. The draft in this case was not received in the ordinary course of business : and the bank did not get it from the payee, but the makers.'

5. A bill of exchange always imports a consideration ; but it is not to the *form*, or its being in *writing*, that the Law gives it this effect—it is to facilitate its negotiation. Chitty on bills 9.

6. The words *value received* in a bill or note are only *prima facie* evidence of consideration, and throws the burden of proof on the defendant. 7 Johnson 321.

7. If one bill be substituted for another, it is liable to all the *equity* incident to the one, in lieu of which it was given. 2 Starkie Ev. 292.

*Martin Judge*, delivered the opinion of the Court.

This is a suit on a bill of exchange, drawn as an accommodation paper, given by the drawer to the cashier of the bank of Louisiana at Opelousas ; and by him sent to the mother bank, of which the plaintiff is Cashier. The defendants, the drawers, and endorsees denied any considera-

tion was given for the bill. There was a verdict and judgment for the plaintiff and the defendants appealed.

The testimony shows that a bill of the same amount as the one sued on, subscribed by the same drawers, but not endorsed by the same payee, was handed among the bills and notes of the bank, by the former, to the present cashier of the bank at Opelousas, who called on the drawers with a request they should have it endorsed. They replied, it was the one drawn in favor of the person whose name appeared as the payee ; and they gave another bill of the same amount in favor of another payee who endorsed it.

These facts were deposed to, by the new Cashier, who said, nothing in the books of the bank, showed any payments by the former cashier for the bill—nor was any made by the New Cashier : that bills were often purchased by the former cashier without the intervention of the board. He paid the money often without making any entry on the books, or requiring any check or receipt ; and even when he placed full confidence in the drawers he did so before the bill was endorsed.

On his cross examination the witness deposed, that the drawers in giving the second bill, stated, they had not been paid the amount of the first, but he told them this was a matter of no moment, as he, the witness had taken the bill as cash from his predecessor to whom the drawers should look for payment.

The appellants' counsel has urged, that they were entitled to a new trial, and the judge erred in refusing it. They have contended, the appellees having given by the cross examination, evidence, that when the appellants gave the second bill, they declared the consideration, or amount of the bill was not paid them ; and it is not pretended any was paid afterwards.

The appellee's counsel has urged that the drawers were called upon by the new cashier, on the behalf of the bank for an endorsement which they were bound to procure and

which the bank was entitled to demand, even if the former cashier had not paid the money—and by giving the new bill unconditionally, they admitted the bank's right to the amount of the bill.

Western District.
September, 1830.

BOOKER
vs.
LASTRAPES&AL

1. It has appeared to us in the absence of positive testimony, it was not easy to presume (from the mere circumstance that cashiers, when they have full confidence in drawers; pay them the amount of their bills, before they are endorsed so as to transfer the payee's title) that in the present case the cashier had such a confidence in the drawers and paid them the amount of this bill.

The appellee's counsel has urged that strong presumption of this arises from the delivery of the second bill to a person who denied the obligation of the bank to pay for it.

We have deemed it best to remand the case for a new trial.

It is therefore ordered adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed, the verdict be set aside, and the case remanded with directions to the judge *a quo* to proceed therein according to Law : the appellee paying costs in this Court.

*In a suit between the endorsee, who is the holder, and the drawers and endorser of a bill of exchange, the consideration may be impeached, and the question whether the drawer ever received consideration or payment therefor? enquired into.*

*And where from the evidence it appears doubtful whether the drawer of the bill has ever received value, or any consideration therefor, the case will be remanded for a new trial.*